**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WILLIAM G. FIELDING,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CREEKSTONE FARMS** )<br>**PREMIUM BEEF, LLC,** )<br>)<br>**Defendant.** )<br>) | **Case No. 06-1126-MLB** |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint to add a breach of contract claim. (Doc. 17). Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED.

### Background

This is an action to recover compensation. Highly summarized, plaintiff alleges that he was employed by defendant until the parties modified their working relationship and entered into an "Independent Consulting Agreement." Plaintiff contends that defendant breached the consulting agreement and seeks to recover approximately $87,000 in damages consisting of (1) retainer fees, (2) unreimbursed expenses, and (3) moving expenses. Plaintiff now moves for leave to amend his complaint to add an additional claim for an equity

interest in defendant's business under his initial employment contract.

## Analysis

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including untimeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Defendant contends that plaintiff's motion is (1) untimely and (2) futile. The parties' arguments are discussed in greater detail below.

---

[1] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

-2-

**1. Untimely**

Defendant contends that the proposed amendment is untimely because plaintiff knew or should have known about the equity claim under the original employment contract when he filed this lawsuit on March 29, 2006. Defendant also argues that plaintiff proffers no explanation for the delay in moving to amend the complaint.

Although the delay in moving to amend is unfortunate, the court is not persuaded that the motion should be denied based on untimeliness. At least part of the delay in moving to amend was based on unsuccessful efforts to settle this case.[2] More importantly, if the motion to amend is denied, plaintiff will simply file a separate lawsuit concerning the original employment contract. The interests of judicial economy are best served if all compensation issues are resolved in a single lawsuit. Accordingly, defendant's argument that the motion is untimely is rejected.

**2. Futile**

Defendant also argues that the motion is futile because: (1) the alleged contract, if it exists at all, was with a Canadian bank rather than defendant, (2) the document on which plaintiff relies is not a contract, (3) the contract violates the statute of frauds, and (4)

---

[2] Plaintiff asserts that the parties reached a settlement agreement on the eve of taking certain depositions but that defendant failed to perform in accordance with the settlement agreement. Doc. 13, p. 1. Defendant concedes that negotiations took place and that a "Release and Satisfaction of All Claims" agreement was circulated. However, defendant asserts that no settlement was reached. Doc. 14, p. 2.

enforcement of the contract is barred by the statute of limitations. Unfortunately, all of these arguments involve factual matters which are not properly before the court on a motion to amend.[3] Therefore, defendant's futility arguments are rejected and the motion to amend shall be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 17)** is **GRANTED.** Plaintiff shall file and serve his amended complaint on or before **January 29, 2007.** The parties shall submit a revised planning report on or before **February 7, 2007.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 17th day of January 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[3] For example, it is unclear (1) who prepared the written proposal or agreement and in what capacity or (2) whether the agreement was ever ratified. Similarly, it is unclear when the alleged contract was breached for purposes of a statute of limitations analysis.